IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| HOWELL W. WOLTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:08-1103 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On September 17, 2008, Petitioner, incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, initiated this matter pursuant to 28 U.S.C. § 2241.[1] (Document No. 1.) Petitioner asserts essentially that his constitutional and statutory speedy trial rights were violated in the course of his prosecution in the Western District of North Carolina. Petitioner's assertions are intertwined with accusations of prosecutorial misconduct and ineffective assistance of counsel. Having considered Plaintiff's claims in this matter and circumstances apparent from the record of the proceedings in the Western District of North Carolina, the undersigned has concluded that this matter should be transferred to the Western District of North Carolina in the interest of justice pursuant to 28 U.S.C. § 1631.

## BACKGROUND

Pursuant to an Indictment filed on April 4, 2006, charging Petitioner with conspiracy to defraud the United States (tax conspiracy), making false declarations before the Grand Jury or Court

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and are therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and influencing and tampering with witnesses, Petitioner was prosecuted along with three other persons in the Western District of North Carolina, Charlotte Division. United States v. Woltz, *et al.*, Criminal No. 3:06CR74-B, in the Western District of North Carolina, Senior District Judge W. Earl Britt presiding. Petitioner signed a Plea Agreement on January 26, 2007, agreeing to plead guilty to Count One of the Indictment charging him with tax conspiracy and an Information in United States v. Woltz, Criminal No. 5:07CR3-B, charging him with engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Under the Plea Agreement, Petitioner waived "all . . . rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; or (2) prosecutorial misconduct. * * * [T]he defendant waives all rights to appeal or collaterally attack the sentence of conviction with . . . the exceptions set forth above." Plea Agreement, ¶ 19. Petitioner also agreed "to waive any rights under the Speedy Trial Act." Plea Agreement, ¶ 22.[2] On October 15, 2007, Petitioner was sentenced to a 60 month term of imprisonment in Criminal No. 3:06CR74-B, an 87 month term of imprisonment in Criminal No. 5:07CR3-B and a three year term of supervised release in both matters with the terms of imprisonment and supervised release to run concurrently. Petitioner did not appeal his conviction or sentence in either case. Rather, on September 23, 2008, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and the United States Constitution in Criminal

---

[2] A defendant may waive the right to appeal and collaterally attack his conviction and/or sentence if his waiver is knowing and intelligent. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005); *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005); *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995)(whether a waiver is knowing and intelligent is determined by examining the background, experience and conduct of the defendant.)Generally, if the District Court fully questions a defendant regarding the voluntariness of his waiver of his right to appeal during the Rule 11 plea colloquy, the waiver is valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005), *cert. denied*, 546 U.S. 952, 126 S.Ct. 461, 163 L.Ed.2d 350 (2005); *United States v. Wessells*, 936 F.2d 165, 167 - 168 (4th Cir. 1991).

No. 3:06CR74-B. Petitioner asserts, among other things, that he was coerced into pleading guilty and therefore his agreement to do so was not voluntary, his right to a speedy trial was violated, and his attorneys were ineffective in representing him. The Motion is pending.

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner is requesting that his conviction and sentence be overturned asserting constitutional and other grounds. Petitioner is therefore claiming that his conviction and sentence are invalid. His assertions are in the nature of those typically considered under Section 2255. Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he is entitled to resort to Section 2241. Nor was Petitioner procedurally barred

from proceeding under Section 2255 when he initiated this matter under Section 2241 (September 17, 2008). Petitioner was sentenced on October 15, 2007. He was not procedurally barred under the one year period of limitation from proceeding under Section 2255 in the Western District of North Carolina where his sentence was imposed until mid-October, 2008. Indeed, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and the United States Constitution in Criminal No. 3:06CR74-B on September 23, 2008, six days after he initiated this matter and within the one year period of limitation after his conviction and sentence became final. Accordingly, in view of the nature of his claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Western District of North Carolina. This District Court does not have jurisdiction to consider Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Western District of North Carolina.

Consideration must be given to whether this matter should be dismissed or transferred to the Western District of North Carolina. 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the movant would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed

in the District contemplating transfer. See Wilson v. Williamson, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding).

Though by Petitioner's Plea Agreement, assuming that he entered it voluntarily, Petitioner has waived his right to appeal and challenge his conviction and sentence collaterally other than through assertions of prosecutorial misconduct and ineffective assistance of counsel and he is in any event constrained in presenting issues under Section 2255 by virtue of his waiver of his right to appeal, Petitioner's assertions of ineffective assistance of counsel and prosecutorial misconduct in this matter nevertheless appear to fall within the exceptions to his waivers. On the other hand, Petitioner waived his right to assert that his speedy trial rights were violated, and that claim appears therefore to be foreclosed.[3] The undersigned notes that Petitioner basically makes the same claims in his Section 2255 proceeding in the Western District of North Carolina as he does in this matter and his assertions in this matter appear therefore to be largely cumulative. Because Petitioner's claims in this matter appear to fall within the exceptions to his waivers, the undersigned finds that Petitioner's claims in this matter would appear to be sufficiently meritorious and deserving consideration by the District Court with jurisdiction, the Western District of North Carolina, that the transfer of this matter there is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Western District of North Carolina pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

---

[3] Additionally, overlooking Petitioner's speedy trial rights waiver, a valid guilty plea waives all non-jurisdictional defects including violations of constitutional rights occurring prior to the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266 - 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993), *cert. denied*, 510 U.S. 857, 114 S.Ct. 167, 126 L.Ed.2d 127 (1993).

5

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Western District of North Carolina.

ENTER: October 22, 2008.

R. Clarke VanDervort
United States Magistrate Judge